# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case No. 5D2023-3020
LT Case No. 2022-CF-001596

———————————————

MINOR CATLEDGE,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

———————————————

On appeal from the Circuit Court for Clay County.
Steven B. Whittington, Judge.

Matthew J. Metz, Public Defender, and Edward J. Weiss,
Assistant Public Defender, Daytona Beach, for Appellant.

Ashley Moody, Attorney General, and Heather Flanagan Ross,
Assistant Attorney General, Tallahassee, for Appellee.

July 12, 2024

PER CURIAM.

In this *Anders*[1] appeal, Appellant, Minor Catledge, seeks
review of the judgment and sentences imposed by the trial court
pursuant to a negotiated plea of no contest. We affirm Catledge's
judgment and sentences without further comment. *See* § 775.082,

---

[1] *See Anders v. California*, 386 U.S. 738 (1967).

Fla. Stat. (2022); *O'Malley v. State*, 378 So. 3d 672, 673–74 (Fla. 5th DCA 2024) (holding that the State is not required to request $100 in costs of prosecution before the sentencing court assess such costs and certifying conflict with *D.L.J. v. State*, 331 So. 3d 227 (Fla. 2d DCA 2021)); *Parks v. State*, 371 So. 3d 392, 392–93 (Fla. 1st DCA 2023) (holding that a cost imposed under section 938.27(8), Florida Statutes (2020), is mandatory and recognizing conflict with *D.L.J.*, 331 So. 3d 227), *review granted*, No. SC2023-1355, 2024 WL 370043 (Fla. Jan. 31, 2024).

Nevertheless, we must remand for correction of a scrivener's error. The judgment and order of probation erroneously indicate that the charge in count one was for burglary of an occupied dwelling while unarmed, a second-degree felony. *See* § 810.02(3)(a), Fla. Stat. (2022). However, pursuant to the negotiated plea, Catledge pled guilty to burglary of a structure, a third-degree felony, in count one. *See* § 810.02(4)(a).[2] On remand, the trial court shall enter a third amended judgment and sentence and a third amended order of probation reflecting the correct charge in count one.

AFFIRMED; REMANDED with instructions.

MAKAR, KILBANE, and PRATT, JJ., concur.

---

[2] We recognize that the trial court entered an order directing the clerk of the court to enter a second amended judgment and sentence and a second amended order of probation with the intent of correcting this scrivener's error. However, the charge in count one remains misidentified in both documents.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____